**NOT FOR PUBLICATION**                                                                 **CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ONYEMACHI REB-EL, | : |
| Plaintiff, | : Civil Case No. 09-2484 (FSH) |
| v. | : **OPINION & ORDER** |
| FIDELITY ADVISOR INSTITUTIONAL EQUITY INCOME PORT, et al., | : Date: August 12, 2009 |
| Defendants. | : |

**HOCHBERG, District Judge**.

This matter having been raised by Plaintiff seeking an application to proceed without prepayment of fees under 28 U.S.C. §1915; and this Court having sua sponte screened the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B) to determine if it is frivolous or fails to state a claim; and

it appearing that Plaintiff's Complaint is frivolous in that, giving Plaintiff all reasonable inferences, the Complaint raises no federal grounds upon which relief may be granted; and

it appearing that, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a "pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2); and

it appearing that Rule 8 is designed to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Bell Atlantic Corp.,* 550 U.S. at 555;[1] and

it appearing that Plaintiff's Complaint lacks any factual allegations about Defendants' activities that would support a cause of action; fails to provide Defendants sufficient notice to enable the preparation of a proper defense; and, thereby, fails to satisfy Plaintiff's obligations under Fed. R. Civ. P. 8;

**IT IS** on this 12th day of August, 2009,

**ORDERED** that Plaintiff's application to proceed <u>in forma pauperis</u> is granted; and it is further

**ORDERED** that the Clerk shall file the Complaint without prepayment of fees or security; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i); and it is further

**ORDERED** that Plaintiff may seek leave to amend the Complaint no later than 20 days from the date of this Order or this case will be closed.[2]

/s/ **Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.

---

[1] As the *Bell Atlantic* Court also noted, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 556 n.3 (citing 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it")).

[2] Plaintiff is referred to Rule 8 of the Federal Rules of Civil Procedure, which requires that a Complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The Court cannot determine from the instant Complaint what the basis of Federal jurisdiction is, nor can the Court discern what the basis of Plaintiff's cause of action against Defendant may be.